O'TOOLE, Respondent, *v.* COPELAND, Appellant.

(No. 2,472.)

(Submitted December 9, 1907. Decided December 23, 1907.)

[92 Pac. 967.]

*Ejectment—Trial—Pleadings—Amendment—Evidence—Admissibility.*

Trial—Pleadings—Amendment—Refusal—Error.
1. Where the district court permitted plaintiff, after commencement of trial of an action to recover real property, to amend his complaint, which, prior to amendment, stated no cause of action, it was error to refuse permission to defendant to amend her answer.

**Ejectment—Evidence—Admissibility.**
2.   The complaint in an action in ejectment alleged ownership and right of possession, that on a certain date defendant, without plaintiff's consent, took possession of the premises, and had ever since detained the same, and that the value of the rents was $30 a month. The answer admitted that plaintiff was the owner, but denied his right of possession, and also that defendant entered without plaintiff's consent, and the allegation as to the value of the rents. *Held,* that it was error to exclude testimony offered by defendant that she was placed in possession by plaintiff's agent under a contract of sale made with the agent. It bore upon the question of plaintiff's right to recover damages from the defendant for the use of the property, and should have been admitted.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

EJECTMENT by Mary Ann Evans O'Toole against Helen S. Copeland. Judgment for plaintiff, and defendant appeals from it and an order denying her a new trial. Reversed and remanded.

*Mr. C. M. Parr,* for Appellant.

An amendment to a complaint, however trivial and unimportant, authorizes defendant to put in an answer making an entirely new defense. (*Burney* v. *Ball,* 24 Ga. 505; *Richardson* v. *Richardson,* 5 Paige (N. Y.), 58; *Miller* v. *Whittaker,* 33 Ill. 386; *Furman* v. *North,* 4 Baxt. (Tenn.) 296; *Davis* v. *Davis,* 62 Miss. 818.)   And after an amendment of a complaint in a material matter, the defendant may plead (*American Bible Society* v. *Hague,* 10 Paige (N. Y.), 549; *Perkins* v. *Hendryx,* 31 Fed. 522) to the same as if it were an original bill, no matter what may have been the state of the pleadings before the amendment was made, and he is entitled to a reasonable time for that purpose. (*Davis* v. *Davis, supra.*)   Upon the hearing of a cause, the same indulgence will be granted to a defendant as to a plaintiff. (Story's Equity Pleading, 10th ed., sec. 902.)   And if it appears that the defendant has not put in issue facts which he ought to have put in issue, he will be allowed to amend his answer for the purpose of stating those facts. (*Depue* v. *Sergent,* 21 W. Va. 326; *Balen* v. *Mercier.*

75 Mich. 42, 42 N. W. 666.) Where the former pleading was verified, oath must be made to the truth of the proposed amendment. (*Rodgers* v. *Rodgers,* 1 Paige (N. Y.), 424; *Jones* v. *Kennicott,* 83 Ill. 484; *Huffman* v. *Hummer,* 17 N. J. Eq. 263.)

Where the original complaint is sworn to, an amendment which contains substantial matter, and is not a mere formal amendment, must be verified to the same extent as the original. (*Walker* v. *Ayres,* 1 Iowa, 449; *Rodgers* v. *Rodgers, supra; Whitmarsh* v. *Campbell,* 2 Paige (N. Y.), 66; *Kenwick* v. *Wilson,* 6 Johns. Ch. (N. Y.) 81; *Parker* v. *Grant,* 1 Johns. Ch. (N. Y.) 434; *Hill* v. *Hill,* 53 Vt. 578; *Semmes* v. *Boykin,* 27 Ga. 47.) Greater liberality is allowed to defendant to amend, than in permitting the plaintiff to amend his complaint. (*Garrison* v. *Goodale,* 23 Or. 307, 31 Pac. 709; *Thorn* v. *Smith,* 71 Wis. 18, 36 N. W. 707; *Brown* v. *Bosworth,* 62 Wis. 542, 22 N. W. 521.)

*Mr. John J. McHatton,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

As the complaint in this case was originally drawn, it contained two causes of action, the material portions of the first of which read as follows:

"(2) That plaintiff is now, and for a long time prior to the 26th day of June, 1906, was, the owner, in possession, and entitled to the possession of the following described property, situate in Silver Bow county, Mont., to wit: Lot numbered 4, in block numbered 6, of the Ophir addition to the city of Butte, according to the plat and survey thereof now on file in the office of the county clerk and recorder of Silver Bow county, Mont., together with the buildings and improvements thereon."

"(4) That the defendant on or about the 26th day of June, 1906, without the consent and against the will of the plaintiff, entered into and took possession of said premises, and the whole thereof, and has ever since detained, and now detains, the possession of the same from this plaintiff, and that plaintiff is entitled to the immediate possession thereof, and that she has

heretofore demanded the same. That said withholding by the defendant is without any right whatever.

"(5) That the value of the rents and the use and occupation of said premises is the sum of thirty ($30) dollars per month, and will continue to be said sum for each and every month that the defendant withholds the possession thereof from the plaintiff; and that, by reason of the withholding thereof, the defendant has become indebted to the plaintiff, for the value of the use and occupation and of the rent of said premises, in the sum of thirty ($30) dollars per month for each and every month since the 26th day of June, 1906, no part of which has been paid, and will become indebted to her in the further sum of thirty ($30) dollars per month for each and every month hereafter until the rendition of judgment herein. Wherefore plaintiff prays judgment that she be adjudged to be the owner and entitled to the possession of said premises, and that she have judgment against the defendant for the sum of thirty ($30) dollars per month for each and every month, commencing with the 26th day of June, 1906, and for costs of suit."

The defendant's answer admitted that plaintiff was, at the time of filing the answer, and for a long time prior to the twenty-sixth day of June, 1906, had been, the owner of the lot in question, but denied that "plaintiff for a long time prior to the twenty-sixth day of June, 1906, was in possession or entitled to the possession of [said lot]." The answer also denied every allegation of paragraphs 4 and 5 of said first cause of action. When the cause was reached for trial, defendant moved that the court make an order requiring plaintiff to elect upon which cause of action she would stand, and plaintiff voluntarily elected to abandon her second cause of action and stand upon the first, whereupon defendant objected to the introduction of any evidence by the plaintiff, for the reason that the complaint did not state facts sufficient to constitute a cause of action. The following proceedings then took place: "The Court: Let me see the complaint. Do you claim this to be an action in ejectment? Mr. McHatton: Yes, your honor, this is an action in

ejectment. And I want to say that in the second paragraph there is a mistake, which we will ask the court for permission to correct. The complaint should have read: 'That the plaintiff is now, and for a long time prior to the 26th day of June, 1906, was, the owner and entitled to the possession, and in possession up to said date.' Mr. Parr: We object to the amendment desired, and state that we are here to meet the allegations of the complaint. This is a material allegation and should be made under oath. The Court: It is very apparent a mistake, and, on application of the plaintiff, the complaint will be allowed to be amended by striking out the words— Mr. McHatton: That the plaintiff is now, and for a long time prior to the 26th day of June, 1906, was, the owner, after the word 'owner' strike out 'in possession,' and then, after the word 'possession' on the third line, insert 'and in possession up to said date.' "

Thereupon counsel for the defendant said to the court that, as he had interpreted the complaint prior to the amendment, the pleader had attempted to state a cause of action for unlawful entry and detainer, such as would preclude the defendant from pleading a counterclaim for damages, but, as the complaint had been amended so as to state a cause of action in ejectment, he asked leave to amend his answer; and he tendered a proposed amended answer, reading as follows: "The defendant, amending her answer by leave of court, alleges as for a counterclaim against the plaintiff: (1) That at all the times hereinafter named Mary Ann Evans O'Toole was the legal owner of lot four (4), in block six (6), of the Ophir addition to the city of Butte, and that all of the said times A. A. Gagner was the agent and representative of the said Mary Ann Evans O'Toole.

"(2) That on or about the 1st day of January, 1906, the defendant and plaintiff O'Toole, through her agent, Gagner, made and entered into a contract for a valuable consideration, wherein and whereby said plaintiff O'Toole promised and agreed to sell and convey to defendant free from incumbrance lot four (4), in block six (6), of the Ophir addition to the city of Butte, and that the price agreed upon for said lot was eleven hundred

($1,100) dollars, and defendant agreed to pay to the plaintiff O'Toole, through her said agents, the sum of eleven hundred ($1,100) dollars, and that on or about the 12th day of January, 1906, defendant paid to the said agent of said O'Toole the sum of fifty ($50) dollars as a part of the purchase price for said lot, and that said O'Toole accepted said sum of money as part of the purchase price.

"(3) That thereafter, and on the 3d day of February, 1906, defendant paid to plaintiff through her said agents the further sum of two hundred and fifty ($250) dollars, as part of the purchase price for said lot.

"(4) That on or about the 1st day of June, 1906, the said defendant tendered the balance of said purchase price to wit, the sum of eight hundred ($800) dollars, to said plaintiff, through her agents, and demanded of said plaintiff, through her said agents, a good and sufficient deed for said property, and that said property be transferred free from incumbrance, but that said plaintiff refused to accept said sum of eight hundred ($800) dollars, and refused to transfer the said property free from incumbrance, and refused to deliver to defendant a good and sufficient deed therefor.

"(5) That defendant has done everything on her part necessary to be done and performed, and that at the time of entering into said contract the possession of said property was given to defendant by said plaintiff's agent, and that she entered into the possession thereof, and caused to be expended in improving said property the sum of about three hundred and fifty ($350) dollars.

"(6) That said defendant is damaged to the extent of three hundred and fifty ($350) dollars by reason of the improvements placed upon said property.

"(7) That since the defendant entered into the said contract for the conveyance of said lot free from incumbrance with the plaintiff that the said property has increased in value in the sum of five hundred ($500) dollars.

"(8) That defendant is now ready and willing, and at all times since the tender of said balance of purchase price of $800 has been ready and willing, to pay to said plaintiff O'Toole said $800, and will at all times henceforth be ready and willing to pay said balance of the purchase price of $800 upon the delivery of said deed.

"Wherefore defendant prays judgment: First. That a decree of this court be entered compelling said plaintiff O'Toole to transfer to this defendant the said property, to wit, lot four (4), in block six (6), of the Ophir addition to the city of Butte, free from incumbrance, by a good and sufficient deed, upon the payment by defendant to said plaintiff O'Toole of the sum of $800, unless the said plaintiff make the said transfer within ten (10) days after the entry of said decree, and the payment of said $800 as aforesaid, that the clerk of this court be appointed a commissioner thereof to make, execute, and deliver to plaintiff a good and sufficient deed for said property, and that if the said property cannot be transferred free from incumbrance that the said defendant have and recover from the said plaintiff the sum of three hundred ($300) dollars, paid to the said plaintiff by said defendant as part of the purchase price of said property, together with interest thereon at the rate of eight per cent (8 per cent) from the 3d day of February, 1906, and for the further sum of three hundred and fifty ($350) dollars, the money expended upon said property for the improvements thereon, and the further sum of five hundred ($500) dollars the increase in value of said property since the entering into of said contract between the defendant and plaintiff, with interest at eight per cent (8 per cent) from the date of tender of $800 upon said last two amounts. And for such other and further relief as to the court may seem meet and equitable, together with defendant's costs." The court denied the request, and the defendant saved an exception to the ruling.

Thereafter the plaintiff introduced evidence tending to show that defendant was and had been in possession of the premises since June 26, 1906, and the rental value of the use thereof, by

the month, for the period of her occupancy. The defendant then offered to show by witnesses that she was placed in possession of the premises by plaintiff's agent, under the contract set forth in the proposed amendment to the answer. Defendant's counsel stated at the time that he offered the evidence to show that there was no unlawful entry or forcible detention of the property by defendant. The court said: "This not being an action of unlawful entry or forcible detainer, it would not be material and I will sustain the objection."

The testimony being closed, the court directed the jury as follows: "You are instructed to return a verdict herein in favor of the plaintiff and against the defendant, finding that the plaintiff is now, and was at the time of the commencement of this action, the owner of the property described in the complaint, and entitled to the possession thereof; and, in addition thereto, for such sum of money as the evidence shows was the rental value of the premises from the time the defendant entered into possession of the same up to the present time." The jury returned the following verdict: "We, the jury in the above-entitled cause, find that the plaintiff is now, and was at the time of the commencement of this action, the owner and entitled to the possession of the premises described in the complaint, and that the defendant entered into and took possession thereof. We further find a verdict in favor of the plaintiff and against the defendant for the sum of $177.35." Judgment was entered upon this verdict, and from that judgment and an order refusing a new trial the defendant has appealed to this court.

We think the court misinterpreted the offer of proof made by the defendant. As we understand the language of her counsel, he used the words "unlawful entry" and "forcible detainer" in their popular sense, and offered the evidence as bearing on the plaintiff's right to recover damages for the use of the premises. We think it makes very little, if any, difference whether the pleader attempted to state a cause of action in ejectment or forcible entry and detainer in the original complaint. The fact is that he stated no cause of action. When

the plaintiff so amended her complaint as to state a cause of action, we are of opinion that the trial court should, under the circumstances disclosed by this record, have allowed the defendant to amend her answer. We think, also, that the court erred in refusing to allow the defendant to introduce the testimony above referred to, under the denials of her original answer. It bore upon the question of the plaintiff's right to recover damages for the use of the property by the defendant.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.